UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AUTOMATED FACILITIES<br>MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SMARTWARE GROUP, INC.,<br><br>Defendant. | Civil Action No. |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Automated Facilities Management Corporation, as and for its complaint against Defendant Smartware Group, Inc., in this matter, alleges as follows:

### JURISDICTION

1. This is a complaint for patent infringement. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

### PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Texas.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Smartware Group, Inc., purports to be a corporation organized and existing under the laws of the State of New Hampshire with its principal place of business in New Hampshire.

06023497

## FACTS

4. Plaintiff is the exclusive licensee of United States Patent No. 7,548,970 (the "'970 Patent") with the sole right to bring suit for infringement of that patent.

5. Plaintiff is the exclusive licensee of United States Patent No. 7,606,919 (the "'919 Patent"), and is the owner of all substantial rights with the sole right to bring suit for infringement of that patent.

6. Businesses that desire to practice Plaintiff's patents legally and with respect for Plaintiff's legal rights have entered into license agreements with Plaintiff. Any entity, such as Defendant, which disregards Plaintiff's legal rights by practicing Plaintiff's patents without entering into a license agreement with Plaintiff is being unfair to the competitors that have entered such agreements because it is refusing to incur legitimate expenses that Plaintiff's licensees have agreed to pay.

7. Defendant makes and has made commercially available within the United States a product that it calls "Bigfoot."

8. Defendant makes, uses, sells, and offers for sale Bigfoot within the United States, or imports it into the United States, within the meaning of United States patent law.

9. Plaintiff has not consented to Defendant practicing its patents.

## FIRST CAUSE OF ACTION
### (Infringement of the '970 Patent)

10. Plaintiff incorporates paragraphs 1 through 9 of this complaint as though set forth in full.

11. Making, using, selling, offering to sell Bigfoot within the United States, or importing it into the United States, without Plaintiff's consent is an act of patent infringement.

12. By making, using, selling, offering for sale and/or importing Bigfoot, among other products or services, within the United States, Defendant is infringing and has infringed the '970 Patent.

13. Defendant's customers who use Bigfoot, among other products or services, within the United States directly infringe the '970 Patent.

14. Defendant has induced its customers for Bigfoot, among other products or services, to directly infringe the '970 Patent.

15. Defendant is liable for contributory infringement of the '970 Patent in connection with its customers' direct infringement of the '970 Patent.

16. Defendant is therefore liable to Plaintiff for damages in an amount to be determined at trial but in any event no less than $5 million.

17. Plaintiff is entitled to a permanent injunction to prevent Defendant from making, using, selling, or offering for sale within the United States, or importing into the United States, its Bigfoot, or any other product that infringes the '970 Patent, and also to prevent Defendant from inducing or contributing to the infringement of the '970 Patent.

## SECOND CAUSE OF ACTION
### (Infringement of the '919 Patent)

18. Plaintiff incorporates paragraphs 1 through 9 of this complaint as though set forth in full.

19. Making, using, selling, offering to sell Bigfoot within the United States, or importing it into the United States, without Plaintiff's consent is an act of patent infringement.

20. By making, using, selling, offering for sale and/or importing Bigfoot, among other products or services, within the United States, Defendant is infringing and has infringed the '919 Patent.

21. Defendant's customers who use Bigfoot, among other products or services, within the United States directly infringe the '919 Patent.

22. Defendant has induced its customers for Bigfoot, among other products or services, to directly infringe the '919 Patent.

23. Defendant is liable for contributory infringement of the '919 Patent in connection with its customers' direct infringement of the '919 Patent.

24. Defendant is therefore liable to Plaintiff for damages in an amount to be determined at trial but in any event no less than $5 million.

25. Plaintiff is entitled to a permanent injunction to prevent Defendant from making, using, selling, or offering for sale within the United States, or importing into the United States, its Bigfoot, or any other product that infringes the '919 Patent, and also to prevent Defendant from inducing or contributing to the infringement of the '919 Patent.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. For judgment in favor of Plaintiff, ordering Defendant to pay compensatory damages in an amount to be proven at trial but no less than $5 million;

b. For an order permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '970 Patent, from making, using, selling, or offering to sell within the United States, or importing into the United States, Bigfoot, or any other product that infringes the '970 Patent, and further permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '970 Patent, from inducing or contributing to the infringement of the '970 Patent;

c. For an order permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '919 Patent, from making, using, selling, or offering to sell within the United States, or importing into the United States, Bigfoot, or any other product that infringes the '919 Patent, and further permanently enjoining Defendant, and anyone acting in concert or participation therewith, during the term of the '919 Patent, from inducing or contributing to the infringement of the '919 Patent;

d. For prejudgment interest at the legal rate, accruing from a date no later than June 16, 2009;

e. For costs of suit; and

f. For such further relief as justice may require.

AUTOMATED FACILITIES
  MANAGEMENT CORPORATION,

By its attorneys,

By:   /s/ Justin Hayes
Justin P. Hayes (NH Bar No. 15338)
**HAYES BOSTOCK & CRONIN LLC**
174 Main Street, Suite 17
Nashua, NH 03060
Tel: (978) 809-3850
Fax: (978) 809-3869
jhayes@hbcllc.com

OF COUNSEL:

Paul J. Hayes (MA BBO# 227000)
Dean G. Bostock (MA BBO# 549747)
**HAYES BOSTOCK & CRONIN LLC**
39 Brickstone Square, Suite 901
Andover, MA 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
phayes@hbcllc.com
dbostock@hbcllc.com

Robert M. Shore (CA Bar No. 166018)
(*pro hac vice* application to be filed)
**MOTLEY RICE LLP**
1801 Avenue of the Stars, Suite 475
Los Angeles, CA 90067-2333
Tel: (310) 552-8127
Fax: (310) 552-8054
rshore@motleyrice.com

Dated: August 27, 2012